# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

　　　　Plaintiff,

　　v.                                          No. 3:25-cr-00033-SLG-KFR

JUSTIN ABBOTT FACEY,

　　　　Defendant.

## CRIMINAL DISCOVERY MANAGEMENT CONFERENCE ORDER

**I. Arraignment**

　　**A. Exclusion of Time under the Speedy Trial Act.** The Court arraigned Defendant on May 22, 2025. Defendant filed a Right to Speedy Trial Act Waiver/FSA Acknowledgement & Waiver, excluding time until the Trial Scheduling Conference on July 18, 2025 for attorney preparation pursuant to 18 U.S.C. § 3161 (h)(7)(A)(i) and (iv).

　　**B. Waiver of Appearance.** At the arraignment, the Court advised Defendant of their right to waive personal appearance at all non-essential proceedings, including the Discovery Management Conference. Defendant:

　　　　1. ☐ waived
　　　　2. ☒ did not waive

　　their personal appearances at the Discovery Management Conference.

**II. Meeting of the Parties.**

　　Based upon information provided to the Court by parties at the Discovery Management Conference held on June 26, 2025, this order regulating the production of discovery is entered pursuant to Fed. R. Crim. P. 16(d) and 16.1(b).

　　**This order may be modified only for good cause shown and with the consent of the Court.** *See* **Fed. R. Crim. P. Rule 16(d)(1). Failure to comply with the discovery rules may result in a continuance, the withholding of evidence, or any other order that is just under the**

circumstances.  *Id.* at (2)

III. Discovery Plan

    **A. Timing, Form, and Disclosure Requirements.**  Discovery shall be conducted in accordance with Rules 16 and 16.1; any applicable Local Civil Rules; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); 18 U.S.C. § 3500, et. seq. (the Jencks Act); and the discovery plan specified in the Discovery Conference Certification, if filed, and Discovery Management Conference, if held, except as otherwise provided below.  Any changes to the parties' discovery obligations that the Court has approved are incorporated in the following paragraphs. Each party must comply with their discovery obligations and maintain a written record of all disclosures and supplementation of disclosures or responses made to requests for discovery.  Unless required in support of a motion or by order of the Court, disclosures and supplemental disclosures are not to be filed with the Court.

    **B. Initial Disclosures.**

        1. The parties:
   - a. ☒ have
   - b. ☐ have not

   met and conferred in accordance with the Court's order.

        2. The United States
   - a. ☒ has
   - b. ☐ has not

   provided to Defendant a list of "hot docs" relevant to the charges in this case.  The United States has not conducted a reverse proffer.

        3. A Motion for a Protective Order:
   - a. ☐ has been filed in this case.
   - b. ☐ has been filed by the government and is pending before the Court.
   - c. ☒ is not necessary at this time in this case.

//

4. The non-expert information required to be produced by the government pursuant to Rule 16(a)(1), Federal Rules of Criminal Procedure.
   a. ☒ The following discovery has been disclosed by the government:
      i. **1,349 Bates stamped items, including financial information, law enforcement reports, search warrant documentation and photos. In addition, items identified as part of the filter-review process have been disclosed to Defense Counsel.**
   b. ☒ The following discovery has not been disclosed:
      i. **Cell phone extractions and physical records related to Defendant's law practice. The cell phone recovered from Defendant and one other individual are being reviewed pursuant to the filter protocol put in place by the United States to identify privileged information. Non-privileged information is being provided to the United States from the filter team on a rolling basis and is then being provided to the Defendant. In addition, physical records seized from Defendant are being reviewed by the filter team and non-privileged materials shall be disclosed when they are available.**

   The Court directed the United States to continue with its filter team review and to provide materials as quickly as they become available.

5. The non-expert information required to be produced by the defense pursuant to Rule 16(b)(1), Federal Rules of Criminal Procedure:
   a. ☐ has been disclosed by the defense.
   b. ☐ shall be provided to the government on or before .
   c. ☒ There is no defense discovery to be produced at this time.

//

//

//

6. Expert witness disclosures required to be produced by both parties pursuant to Rule 16(a)(1)(G) and (b)(1)(C):
    a. ☐ have been disclosed.
    b. ☒ shall be provided in accordance with the District Court's Trial Scheduling Order.
7. Exculpatory and Impeachment Materials currently in the United States' possession:
    a. ☒ have been disclosed by the government.
    b. ☐ shall be provided on or before.
8. Jencks Act Materials.[1]  The parties are <u>strongly</u> encouraged to provide reciprocal Jencks Act disclosures sufficiently early to permit effective preparation by the receiving party.  The exception is when the Jencks material reveals the identity and statements of confidential informants and witnesses who would be placed in danger by the disclosure.  When an articulable safety concern exists, the Government shall notify opposing counsel and the Court that production of that witness statement will be delayed until shortly before trial or after the witness testifies.  Jencks Act materials:
    a. ☒ have not yet been provided by the government.
    b. ☐ for some or all witnesses will not be provided prior to trial due to the government's concerns for witness safety.

The government indicated that it did anticipate disclosing Jencks material prior to trial.  The Court advised the government that it should inform the Court and Defense Counsel prior to trial if it identified any Jencks materials it intended to withhold until after a witness testified.  Any delay providing Jencks material may result in a continuance.

//

---

[1] While included in this Order, this provision only encourages the early production of Jencks material consistent with the government's general practice in this District.  The Court recognizes that it cannot compel early production of Jencks materials and that there can be no violation of the Jencks Act until after a witness testifies.  *See United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986); *see also United States v. Arboleda*, 929 F.2d 858 (1st Cir. 1991).

Order – Discovery Management
*United States v. Facey*

C. **Access to Electronically-Produced Discovery, Including Electronically Stored Information (ESI).**
   3. ☒ No issues have been reported relating to access to electronically-produced discovery.
   4. ☐ The parties have identified issues relating to access to electronically-produced discovery.

D. **Claims of Privilege or Protection of Attorney Work Product.** Claims of privilege or protection of trial preparation materials shall be handled as follows:
   1. ☒ There is no indication that this will be an issue. The United States has put a filter team in place to review seized materials.
   2. ☐ The parties have entered a Protective Order regulating the review and disclosure of privileged and protected materials.
   3. ☐ The parties shall submit their proposed Protective Order regulating the review and disclosure of privileged and protected materials on or before.

E. **Limitations on Discovery.**

   The following limitations on discovery are imposed:
   1. ☒ There are no limitations on discovery at this time except as described herein.
   2. ☐ Other limitations as follows:

F. **Ongoing Discovery Management Conferences.**

   The parties:
   1. ☐ request
   2. ☒ do not request

   ongoing discovery management conferences to be held in this matter. (If the parties request ongoing Discovery Management Conferences, the court will schedule those conferences in accordance with the parties' request or as deemed necessary by the Court.)

//

//

**IV. Other Provisions.**

    **A. Discovery Disputes.**

No later than five (5) business days after the production of discovery, the receiving party for discovery shall notify the producing party of any problems relating to the materials produced, to include any issues the party has accessing the data produced. The notice shall be in writing.

If the parties have been unable to resolve any disagreements about the timing of production, the materials to be produced, or access issues, the complaining party shall timely file a motion to compel and request for a hearing. The motion shall include information about steps the complaining party has taken to resolve the issue prior to filing. The Court will consider only matters which the parties have previously discussed and been unable to resolve, or matters raised sua sponte by the Court.

    **B. Ongoing Discovery Obligation.**

The parties shall adhere to the continuing duty to supplement or correct their disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(G)(vi) and (b)(1)(C)(vi).

IT IS SO ORDERED.

DATED this 26th of June 2025, at Anchorage, Alaska.

/s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska