IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                  Plaintiff,

    v.

JUSTIN ABBOTT FACEY,

                  Defendant.

Case No. 3:25-cr-00033-TMB

**CRIMINAL TRIAL
SCHEDULING ORDER**

## 1.    Trial Deadlines

This case is set for Trial on **October 5, 2026,** in Courtroom 1 before Judge Timothy M. Burgess.  The Court hereby establishes the following deadlines:[1]

| DATE | EVENT |
|---|---|
| **June 12, 2026** | File Dispositive Motions |
| **June 26, 2026** | Responses to Dispositive Motions |
| **July 13, 2026** | Government's Expert Disclosure |
| **August 17, 2026** | Defense Expert Disclosure |
| **August 27, 2026** | File Motions *in limine* |

[1] *See* District of Alaska Local Civil Rules and District of Alaska Local Criminal Rule 1.1(b).

| | |
|---|---|
| **September 1, 2026** | Parties to meet and confer on Jury Materials: Preliminary Statement to Jury Panel, Voir Dire, Jury Instructions, Jury Questionnaire if necessary, and Special Verdict Form<br>A joint status report will be **due 5 days following** the meet and confer conference |
| **September 3, 2026** | File Responses to Motions *in limine*<br>File Trial Brief<br>File 404(b) Notice<br>Exchange & File Proposed Witness Lists<br>Exchange Exhibits<br>File Proposed Jury Materials |
| **September 8, 2026, at 10:00 am Anchorage Courtroom 1** | Final Pretrial Conference |
| **September 25, 2026** | File Trial Final Exhibit List<br>File Trial Stipulations |
| **October 5, 2026, at 8:30 am Anchorage Courtroom 1** | Trial by Jury |

**The deadlines in this order are firm. This order may be modified only for good cause shown and with the consent of the Court.** *See* **Federal Rule of Criminal Procedure 12(c)(2).**

**2.     Case Management**

The parties are encouraged to provide reciprocal Jencks Act disclosures as soon as possible.

*United States v. Facey*                                                                      Case No. 3:25-cr-00033-TMB
Criminal Trial Scheduling Order                                                               Page 2
Case 3:25-cr-00033-TMB-MMS     Document 107     Filed 04/20/26     Page 2 of 4

a.      Trial Documents.

i.      *Trial Briefs*: Counsel for each party shall file with the Court, *ex parte* if necessary, a trial brief. A complete trial brief includes: (1) a statement of the facts; (2) a complete discussion of the controlling law together with specific citations of statutes and case law; and (3) a discussion of any evidentiary issues likely to arise at trial.

ii.      *Preliminary Statement of the Case*: Counsel shall confer and agree upon a concise written statement describing the case in an impartial, easily understood manner to file with the Court to be read to the jury panel prior to *voir dire*.

iii.      *Jury Materials*: Counsel shall meet and confer and attempt to jointly file a complete set of proposed written *voir dire* questions, jury instructions, a jury questionnaire, if warranted, and a special verdict form. Counsel shall separately file any disputed proposed Jury Materials, supported by legal authority. A full set of agreed-upon and disputed proposed Jury Materials in Word format and modified to conform to the facts of the case shall also be emailed to Chambers proposed orders email address. Differences in proposed Jury Materials will be resolved prior to trial.

iv.      *Exhibits*: All trial exhibits a party expects to introduce into evidence must be provided to opposing counsel as ordered herein.  Parties should also provide a Table of Contents that identifies the exhibits and provides a brief description of each item. A copy of all exhibits (or photographs or placeholders for physical evidence) shall also be provided at that time to the Court. Exhibits shall be marked in a way that identifies the party introducing the exhibit. For multiple page exhibits, the first page shall be marked as "-1," with each subsequent page identified sequentially (i.e., "-2," "-3," etc.). Exhibits offered in multiple defendant cases shall identify the particular defendant offering the exhibits. Examples are as follows:

"Govt. 1" (a single page or single item Exhibit 1)

"Def. 3-1" (page one of a multiple page Exhibit 3)

"Def. Jones 1-5" (page 5 of Defendant Jones' Exhibit 1)

*United States v. Facey*                                    Case No. 3:25-cr-00033-TMB
Criminal Trial Scheduling Order                              Page 3
Case 3:25-cr-00033-TMB-MMS     Document 107     Filed 04/20/26     Page 3 of 4

Counsel are expected to use the Court's Digital Evidence Presentation System (DEPS). Counsel should be familiar with how DEPS works and shall make arrangements with the Clerk's Office to test any digital equipment. If a party wishes to use hard copies of exhibits, that party must provide a copy of each such exhibit to the opposing party, the Court, and the witness.

v. *Sensitive Exhibits*: Sensitive Exhibits include drugs, cash, firearms or other weapons, or any other similar types of items that may be considered contraband, excluding child sexual abuse material (CSAM). *See* Local Criminal Rule 23.1.

vi. *Trial Stipulations*: Counsel shall meet and confer and agree upon any stipulations of fact or expected testimony. Stipulations shall be reduced to writing, signed by *both* counsel and Defendant, and filed with the Court prior to their admission.

b. <u>Plea Agreements</u>. Unless otherwise ordered, any notice of intent to change plea must be filed no less than two weeks prior to the scheduled trial date. The notice of intent to change plea must indicate whether the plea will be pursuant to a written plea agreement or not (an "open plea"). *See* Local Criminal Rule 11.2. For changes of plea entered without a plea agreement, the parties are directed to file a Proposed Statement of Facts prior to the change of plea.

IT IS SO ORDERED this 20th day of April, 2026, at Anchorage, Alaska.

*/s/ Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE
